IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAREN PELZER,

        Plaintiff,

vs.                                Case No. 13-1151-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

        Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

## I. General legal standards

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On February 29, 2012, administrative law judge (ALJ) Timothy J. Christensen issued his decision (R. at 10-18). Plaintiff alleges that she had been disabled since May 21, 2009 (R. at 10). Plaintiff is insured for disability insurance

benefits through December 31, 2014 (R. at 12).  At step one, the ALJ found that plaintiff did not engage in substantial gainful activity since the alleged onset date (R. at 12).  At step two, the ALJ found that plaintiff had the following severe impairments:  degenerative disc disease of the cervical, degenerative disc disease of the lumbar spine status post surgery, and depression (R. at 12).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 12-13).  After determining plaintiff's RFC (R. at 14), the ALJ determined at step four that plaintiff is unable to perform any past relevant work (R. at 16).  At step five, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 17-18).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 18).

**III.  Do the ALJ's RFC findings comply with the requirements of SSR 96-8p?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC

5

assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review.

Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ found that plaintiff had the RFC to perform light work as defined in 404.1567(b) and 416.967(b). Plaintiff was further limited to occasional postural activities, could never climb ladders, ropes, or scaffolds, and could not work around hazards. The ALJ further limited plaintiff to simple routine tasks performed at a normal pace with only occasional changes in the work setting (R. at 14).

The only physical RFC assessment in the record is dated December 10, 2010 (R. at 384-391). It limits plaintiff to lifting no more than 10 pounds, and states that plaintiff can only stand/walk for 2 hours, and can sit for 6 hours in an 8 hour workday. It opines that plaintiff can never climb ladders/ropes/scaffolds, and can occasionally climb ramps/stairs and stoop. It also states that plaintiff should avoid concentrated exposure to hazards (R. at 384-388). It is signed by Grady Woodruff, a SDM (R. at 391).

An SDM is not a medical professional of any stripe, and the opinion of an SDM is entitled to no weight as a medical opinion, nor to consideration as evidence from other non-medical sources. Herrman v. Astrue, Case No. 09-1297-SAC (D. Kan. Sept. 29, 2010; Doc. 19 at 9). However, on April 8, 2011, this assessment was reviewed by M. M. Legarda, who stated that, after reviewing the

case record in its entirety, he was affirming the assessment dated December 10, 2010 (R. at 413). M. M. Legarda is listed as a physician or medical specialist (R. at 98, 99). The specialty code for him is listed as "20" (R. at 98, 99, 413). According to the Program Operations Manual System (POMS) 26510.090(D), a code 20 indicates a specialty in neurology. https://secure.ssa.gov/apps10/poms.nsf/lnx/0426510090 (April 28, 2014). Thus, the physical RFC assessment of May 10, 2006 reflects the opinions of Dr. Legarda, and therefore could be considered by the ALJ as an opinion from an acceptable medical source. 20 C.F.R. § 404.1513(a). The ALJ stated that he accorded "weight" to this opinion (R. at 16).

The only mental RFC assessment is dated December 14, 2010, and was prepared by Dr. Adams (R. at 393-409). Dr. Adams found that plaintiff was moderately limited in the ability to understand, remember and carry out detailed instructions, and in the ability to travel in unfamiliar places or use public transportation (R. at 407-408). She opined that plaintiff was only able to understand and follow simple instructions, and would need assistance creating and achieving short and long term goals (R. at 409). The ALJ gave "significant" weight to these opinions (R. at 16).

Plaintiff argues that the ALJ erred by assigning any weight to the physical RFC assessment because it was prepared by an

SDM. However, the assessment was affirmed by Dr. Legarda after reviewing the case in its entirety. The assessment included narrative discussion of the evidence in support of its findings (R. at 391). The ALJ did not err by relying on a medical opinion affirmed by an acceptable medical source. Furthermore, plaintiff does not cite to any medical opinion evidence contrary to the opinions expressed by Dr. Legarda.

However, as defendant concedes (Doc. 18 at 9), Dr. Legarda's opinions reflected in the physical RFC assessment more closely resemble sedentary work.[2] Defendant argues that this error is harmless error. Courts should apply the harmless error analysis cautiously in the administrative review setting. Fischer-Ross v. Barnhart, 431 F.3d 729, 733 (10th Cir. 2005). However, it may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance where, based on material the ALJ did at least consider (just not properly), the court could confidently say that no reasonable factfinder, following the correct analysis, could have resolved the factual matter in any other way. Fischer-Ross, 431 F.3d at 733-734; Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004).

---

[2] The assessment limited plaintiff to lifting 10 pounds and further limited plaintiff to standing and/or walking for 2 hours in an 8 hour workday (R. at 385). Sedentary work involves lifting no more than 10 pounds, while light work involves lifting no more than 20 pounds. Light work also requires a good deal of walking or standing. 20 C.F.R. § 404.1567(a,b).

9

The court agrees with defendant that this error, on the facts of the case, is harmless error. At the hearing, the vocational expert (VE) identified not only two light level jobs that plaintiff could perform, but also identified two sedentary jobs that plaintiff could perform. The VE testified that the two sedentary jobs together had a total of 293,072 jobs in the nation (R. at 57).

The proper focus generally must be on jobs in the national, not regional, economy. The Commissioner is not required to show that job opportunities exist within the local area. Raymond v. Astrue, 621 F.3d 1269, 1274 (10th Cir. 2009). In the case of Stokes v. Astrue, 274 Fed. Appx. 675, 684 (10th Cir. Apr. 18, 2008), the court noted that the remaining two jobs identified that the claimant could perform had 152,000 positions available nationally. The court held that they did not believe that any reasonable factfinder could have determined that suitable jobs did not exist in significant numbers that plaintiff could perform.

On the facts of the case before the court, the court finds that even if plaintiff is limited to sedentary work, as indicated by Dr. Legarda's assessment, no reasonable factfinder could have determined that suitable jobs did not exist in significant numbers that plaintiff could perform. For this reason, the court finds that any error by the ALJ in finding

10

that plaintiff could perform light work, is, on the facts of this case, harmless error.

In summary, the ALJ found that plaintiff could perform sedentary work consistent with the physical RFC assessment affirmed by Dr. Legarda and consistent with the limitations in the mental RFC assessment by Dr. Adams. Both assessments contained narrative comments in support of their findings (R. at 405, 409, 391). Plaintiff has failed in her brief to cite to any medical evidence that plaintiff had other limitations that should have been included in the ALJ's RFC findings. The court finds that the ALJ's RFC findings substantially comply with the requirements of SSR 96-8p.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 9th day of May 2014, Topeka, Kansas.

s/Sam A. Crow  
Sam A. Crow, U.S. District Senior Judge